AO 472 (Rev. 12/03) Order of Detention Pending Trial

# United States District Court
### DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　　　　v.<br><br>KRYSTLE MORGAN<br>　　　　　*Defendant* | **ORDER OF DETENTION PENDING TRIAL**<br><br>Case Number: 12-20040-02-CM |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

　　☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

　　☐ an offense for which the maximum sentence is life imprisonment or death.

　　☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____
　　　*

　　☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

　　☐ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841(a)(1).

　　☐ under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☐ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

(See attached page).

**Part III - Directions Regarding Detention**

　　The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated:　October 23, 2012　　　　　　　　　　　　　　s/ David J. Waxse
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Signature of Judicial Officer*

　　　　　　　　　　　　　　　　　　　　　　　　　　David J. Waxse, U.S. Magistrate Judge
　　　　　　　　　　　　　　　　　　　　　　　　　　　*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Krystle Morgan
Criminal Action 12-20040-02-CM

## Part II - Written Statement of Reasons for Detention

There are a series of factors that I have to consider in determining whether there are conditions that will assure your appearance and the safety of the community. The first is the nature and circumstances of the offense charged, including whether it is a crime involving a controlled substance or a firearm - and this involves both. So that is a negative factor.

The weight of evidence - there has been a grand jury indictment so that is a negative factor.

The history and characteristics of the person, including your physical and mental condition - there is nothing there that seems to be a problem, so that is okay.

Family ties are somewhat positive.

Employment is negative.

Financial resources - there is no indication you have substantial resources that would assist you in fleeing, so that is positive.

Length of residence in the community is positive.

Community ties are positive.

Past conduct, which includes history relating to drug or alcohol abuse, criminal history and appearance at court proceedings - there appear to be problems in your past with drug or alcohol abuse, but criminal history is not substantial, so that's not a negative factor.

Next is whether at the time of the current offense you were on probation, parole or other release - and it's a little hard to tell from this report whether you were or weren't.

Finally is the nature and seriousness of the danger to the community to be posed by your release. It appears to me that any time you are involved in the distribution of illegal substances that is a danger to the community.

Considering all of these factors and the fact that when you were indicted for the type of charges you are now indicted for, the law says there is a presumption you should be detained unless that presumption is rebutted, and I can't find that the evidence I have been provided or the proffer in the report provides sufficient rebuttal to that presumption, so you will remain detained.